Because it appears to me that this case simply involves a common law marriage and an Alabama divorce, I find that discussion and application of the PKPA and the UCCJA are unnecessary. Although the father raises, and the majority addresses, several issues regarding the modification of a Kansas divorce judgment, it appears to me that the controlling issue is simply whether the trial court erred in determining that a subsequent common law marriage existed. See Ala. Code 1975, § 30-1-9, and Copeland v. Richardson, 551 So.2d 353
(Ala. 1989). Clearly, once the trial court determined that a common law marriage existed in Alabama, the Alabama court had jurisdiction over all issues relating to the marriage, including the custody of their minor child. Ala. Code 1975, §30-3-1. The record is replete with evidence supporting the trial court's detailed and thorough order which recites the law regarding a common law marriage, states the trial court's reliance on disputed ore tenus evidence, and states its conclusion that clear and convincing evidence proved the existence of a common law marriage.